UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| KURT KIDD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:25-cv-00599 |
| REGENCY AT DOMINION VALLEY OWNERS ASSOCIATION, INC., et al., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants, Regency at Dominion Valley Owners Association, Inc. (the "Association") and Associa Community Management Corporation ("CMC") (jointly, the "Defendants"), by counsel, submit this Memorandum in Support of their Motion to Dismiss to dismiss the Complaint filed by Kurt Kidd ("Plaintiff" or "Mr. Kidd"), on the following grounds.

**INTRODUCTION**

At the heart of Plaintiff's Complaint is his belief that a policy adopted by the Association's Board of Directors (the "Board") has unlawfully denied him equal access to housing and services based on his religion and, that by adopting the policy, the Defendants have interfered with his right to enjoy his housing free from discrimination. But the policy Plaintiff complains of is neutral on its face, applicable to <u>all</u> religious clubs within the Association. Moreover, Plaintiff has not alleged any facts to show how he as an individual has been deprived of the same benefits, access, and privileges of any of his fellow Members. Nor can he, as the policy is applicable to all Members of the Association, not just the Plaintiff. At the end of the

1

day, Plaintiff cannot rely upon a policy that is applied equally to all religious clubs to support his claims under the Fair Housing Act or the Virginia Fair Housing Law.

## RELEVANT ALLEGATIONS

The Association is a primarily fifty-five and up owners' association located in Haymarket, Virginia. Compl. ¶ 12. Plaintiff is a Member of the Association. *Id*. at ¶ 11. CMC is the Association's managing agent. *Id*. at ¶ 13. Since at least 2018, Plaintiff has been a member of a men's bible study group. *Id*. at ¶ 14. In or around 2018, Plaintiff's bible study group formed the "Christian Men's Club." *Id*. at ¶ 15. In or around 2020, the club changed its name to the "Regency Christian Fellowship" or "RCF." *Id*. at ¶ 16. From approximately 2018 until February 2025, the RCF was permitted to use the Association's Clubhouse and Clubhouse Campus for its religious events upon proper application to the Association. *See Id*. at ¶¶ 17, 33.

The Association's Clubhouse Manual (attached to the Complaint as Exhibit 3), reserves for the Board the right to "in its reasonable discretion . . . change, override or approve specific requests at any time, even if, arguably, contrary to any of the [policies and procedures] contained herein." Compl., Ex. 3 at p. 1. Furthermore, with respect to the ability of a club to utilize the Clubhouse for its meetings or events, "[t]he Board reserves the right to deny reservations for events or meetings that would disturb the peace or result in substantially divisive or incendiary reactions among the membership." *Id*., Ex. 3 at p. 6.

At a Board Meeting held on February 5, 2025, the Board passed the following motion:

> I move to ratify the unanimous decision by the Board to deny use of the Clubhouse and Clubhouse campus to any Club, organization, or entity that is primarily religious, political, or faith based in purpose, nature and/or intent. The use of the clubhouse and clubhouse campus will also be denied (as determined by the BOD) to any other entity that is inherently divisive in purpose, nature and/or intent.

Compl. at ¶¶ 37, 38. This motion, hereinafter referred to as the "Policy," forms the basis of the Plaintiff's complaint.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a 12(b)(6) motion, a complaint must contain sufficient factual information to "state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacometti*, 588 F.3d 186, 193 (4th Cir. 2009); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (generalized, unsupported assertions are insufficient to state a claim). A claim lacks "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## ARGUMENT

Counts I and II of the Complaint assert causes of action for discrimination and interference under the Fair Housing Act ("FHA"). Counts III and IV assert substantially similar discrimination and interference claims under the Virginia Fair Housing Law (VFHL). Because the language of the VFHL substantially mirrors that of the FHA, an analysis of the claims under the FHA alone is appropriate. *See Matarese v. Archstone Pentagon City*, 795 F. Supp. 2d 402, 412, n. 3 (E.D. Va. 2011) (observing that the VFHL essentially tracks the FHA and is to be analyzed generally under the same standards), *aff'd in part and vacated in part on other grounds*, 468 Fed. Appx. 283 (4th Cir. 2012); *see also Moseke v. Miller and Smith, Inc.*, 202 F. Supp. 2d 492, 497 n.7 (E.D. Va. 2002) (applying analysis under FHA to VFHL claims).

I.     **Plaintiff's allegations are not sufficient to state a claim for discrimination or interference in violation of the FHA or VFHL.**

Under both the FHA and the VFHL, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b); *see also* Va. Code. § 36-96.3(A)(2).[1] "To survive a motion to dismiss, a 'plaintiff asserting a claim of housing discrimination must allege facts that [he] is a member of a protected class and that [he] was treated differently than other tenants because of [his] membership in that class.'" *Chacko v. Preston*, No. 1:23-cv-551 (PTG/IDD), 2024 U.S. Dist. LEXIS 38816, at *11-12 (E.D. Va. Mar. 5, 2024) (quotations altered and citation omitted).

Plaintiff has not alleged that he has been treated differently than any of the other Members. At best, Plaintiff suggests that RFC is not permitted to meet for bible study in the Clubhouse while a book club reading/studying a secular book is permitted to do so. Compl. ¶ 53. But this is true for all Members, not just Plaintiff. Based on the policy, no book club based on a religious text would be permitted to use the Clubhouse for its meeting. Nor does Plaintiff allege that he prevented from joining a secular book club with the ability to use the Clubhouse for meetings. In other words, Plaintiff still has all of the same rights, benefits, and access as other Members of the Association. For this reason, Counts I and III should be dismissed as there are no allegations suggesting that Plaintiff is being treated differently than his fellow Members.

The FHA and the VFHL also make it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or

---

[1] It is not clear that Plaintiff has standing to bring this claim. On the face of the Complaint, it seems that any harm that has been suffered was suffered by RCF.

enjoyment of, any right granted or protected by" the FHA or the VFHL. 42 U.S.C. § 3617; *see also* Va. Code. § 36-96.5. A claim under § 3617 is analyzed under a similar analysis applied to Title VII discrimination claims. Thus, Plaintiff must establish four (4) elements: "(1) that [he] is a member of a protected class under the FHA; (2) [he] was engaged in the exercise or enjoyment of [his] rights protected under the FHA; (3) that the defendant acted with the intent to discriminate or that there was a disparate impact; and (4) that the defendants coerced, threatened, intimidated, or interfered with those rights because of plaintiff's exercise of those rights." *Doran v. Prince William Cty.*, No. 1:09-cv-195 (GBL), 2009 U.S. Dist. LEXIS 138672, at *24 (E.D. Va. Apr. 24, 2009). Where, as here, the conduct alleged in an underlying FHA discrimination claim is the same as that asserted in support of a § 3617 claim, the validity of the § 3617 claim is dependent on the success of the discrimination claim. *Id*. at *25.

Because Plaintiff has not adequately alleged discrimination, his claims of intimidation under § 3617 and Va. Code § 36-39.5 must also fail. Accordingly, Counts II and IV must be dismissed.

**II.     The Association's Policy is neutral on its face and does not violate the FHA or the VFHL.**

Dismissal of the Complaint with prejudice is further warranted by the facial neutrality of the Policy at issue. To be certain, the Policy applies to "any" club that is "primarily religious, political, or faith based in purpose, nature and/or intent." Undersigned counsel was unable to identify any similar cases in the Fourth Circuit dealing with a facially neutral policy, such as this one, which purports to restrict access equally to any religious club. There is, however, a strikingly similar case from the United States District Court for the District of Southern Florida.

In *Savanna Club Worship Serv. v. Savanna Club Homeowners' Ass'n*, 456 F. Supp. 2d 1223 (S.D. Fla. 2005), the plaintiff was a religious club organized and operated by a group of

homeowners who were members of the defendant homeowners' association. 456 F. Supp. 2d at 1225. The plaintiff club was not itself a member of the defendant association. *Id*. In response to concerns and complaint from members, the defendant association adopted a rule which stated that "No portion of the common areas of Savanna Club may be used for any religious service." *Id*. Prior to the adoption of this rule, the plaintiff club had been permitted to use the common areas to hold its meetings. *Id*.

The court in *Savanna Club* ultimately held that "[t]he Application of a Rule barring all religious services from a community's common areas without impeding a homeowner's right to practice his or her religion, and without denying access to the common areas for all other purposes is not sufficient to established that the club is being treated differently from persons of other religions." *Id*. at 1232. The court went on to note that "[t]he fact that it is more desirable or easier for Club members to practice their religion in Savanna's common areas, does not make their current or future homes unavailable as contemplated by the FHA." *Id*. "**The right to religious freedom must encompass the right to be free from religion**." *Id*. at 1233 (emphasis added). In reaching these findings, the court was guided by the allegations (or lack thereof) in the plaintiff club's complaint:

> [Plaintiff] does not allege that any of its individual Savanna homeowners have been unable to utilize Savanna's common areas for any purpose other than conducting religious services. Nor does it assert that the Association has prevented its members from engaging in their religious observance in their homes. It is undisputed that the Rule bans any and all religious services regardless of denomination, and that the Rule is imposed equally among all religions. Therefore, the crux of the claim is that the Club's members, who are fully entitled to assemble in Savanna's common areas for any non-religious purposes, are illegally being treated differently than other members who choose to assemble for non-religious purpose, and that such disparate treatment is a religion-based discrimination in the provision of services under the FHA.

*Id*. at 1230.

Based on the reasoning and findings from *Savanna Club*, this Court should have little trouble finding that the Plaintiff's allegations here cannot form the basis of a FHA or VFHL violation. Like the rule in *Savanna Club*, the Association's Policy is neutral and applies to all religions. And, like in *Savanna Club*, there are no allegations by Plaintiff that he or any other Members are being prevented from using the Association's common areas for non-religious purposes or are being prevented from engaging in religious observances in their homes. While the Plaintiff may feel that the Association's Clubhouse provides the preferred venue for RCF events, the inability of RCF to host events at the Clubhouse does not result in the denial of Plaintiff's access to housing or services based on his religion. This Complaint should therefore be dismissed with prejudice.

**III.    The Complaint does not adequately state a cause of action against CMC.**

To the extent that any of the claims are permitted to survive, the allegations do not allege any conduct by CMC which would permit Plaintiff to sustain a cause of action against it. At most, CMC sent an e-mail to the Plaintiff notifying him that certain RCF events had been cancelled as a result of the Policy. Compl. ¶ 40. Other than this single event, there are no allegations that CMC itself enacted any rule or policy which interferes with Plaintiff's rights or discriminates against him. CMC should therefore be dismissed as a party to this matter.

## CONCLUSION

Defendants respectfully request this Court enter an Order (i) granting their Motion to Dismiss the Complaint, (ii) dismissing all counts of the Complaint with prejudice, and (iii) for such other relief as this Court deems proper.

Dated: April 29, 2025　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　*By Counsel*

　　　　　　　　　　　　　　　　　　　　<u>*/s/ Alison Duffy*</u>
　　　　　　　　　　　　　　　　　　　　Alison C. Duffy (VSB #90113)
　　　　　　　　　　　　　　　　　　　　O'Hagan Meyer, PLLC
　　　　　　　　　　　　　　　　　　　　2560 Huntington Ave, Suite 204
　　　　　　　　　　　　　　　　　　　　Alexandria, VA  22303
　　　　　　　　　　　　　　　　　　　　(703) 775-8606
　　　　　　　　　　　　　　　　　　　　aduffy@ohaganmeyer.com
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*

## CERTIFICATE OF SERVICE

　　I hereby certify that on April 29th, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

　　　　　　　　　　　　　　　　　　　　<u>*/s/ Alison Duffy*</u>
　　　　　　　　　　　　　　　　　　　　Alison C. Duffy (VSB #90113)